IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00752-LTB-KMT

CLINTON TEAGUE,

    Plaintiff,

v.

J. WADAS, Correctional Officer, and
E. JEFFORDS, Correctional Officer, and
UNKNOWN NAMED OFFICER, Correctional Officer,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's First, Fourth, Fifth, Sixth, and Eighth Amendments. This matter is before the court on "Defendant's Motion to Dismiss" (Doc. No. 35) filed December 19, 2007; and "Plaintiff's Motion Requesting an Injunction and a Restraining Order Against 'Unit Manager Collins, Case Manager Finley & Counselor Madison'" (Doc. No. 34) filed December 17, 2007. Plaintiff asserts jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 27 U.S.C. § 1331, § 1391(b)2, § 1367, § 1346, and § 2671.

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Administrative

Detention Maximum in Florence, Colorado ("ADX"). (Defs.' Mot. to Dismiss at 1 [hereinafter "Mot."] [filed December 19, 2007].) Plaintiff has named as Defendants J. Wadas, E. Jeffords, and an unknown person, all ADX correctional officers. (Prisoner Compl. at 1–2 [hereinafter "Compl."] [filed July 6, 2007].) In Plaintiff's "Nature of the Case," he asserts that, due to his previous filing of cases in the District of Colorado against ADX officials, he has endured retaliations. (*Id.* at 3.) Plaintiff states on June 25, 2006, his arm was injured when, due to Defendants' failure to follow policy, act professionally, and improper training, a steel door was closed on his right forearm as he was entering his cell. (*Id.*) Plaintiff asserts he "endures pain in his right forearm!!" (*Id.*)

Plaintiff asserts three claims, all with the same facts but each claim directed at separate defendants. Claim One, directed at Defendant Wadas, again states on June 25, 2006, Plaintiff's arm was injured when, due to Defendants' failure to follow policy, act professionally, and improper training, a steel door was closed on his right forearm as he was entering his cell. (*Id.* at 4.) Plaintiff asserts Defendant Wadas knew or should have known the cell door was not closed. (*Id.*) Plaintiff alleges Defendant Wadas conspired with the other officers and wrote a false incident report (#1482489) in an attempt to cover-up the cause of Plaintiff's injury. (*Id.*) Plaintiff asserts he sustained "immediate visible injury to his right forearm, including a cut, bruising, and swelling!" (*Id.*) Claim Two asserts the same allegations as Claim One, but is directed at Defendant Jeffords. (*Id.* at 5.) Claim Three again asserts the same allegations, but is directed at the unknown defendant, whom Plaintiff alleges was working in the "bubble/control

2

area" of the unit in which Plaintiff was housed. (*Id.* at 6.) Plaintiff seeks money damages. (*Id.* at 26.)

Defendant J. Wadas moves for dismissal on the bases that (1) this court lacks jurisdiction over any official capacity *Bivens* claims; (2) Plaintiff has failed to exhaust his *Bivens* claims; (3) Plaintiff has failed to state a claim against the defendants; (4) Plaintiff's emotional injury claims are precluded under the Prison Litigation Reform Act ("PLRA"); and (5) Defendant Wadas is entitled to qualified immunity. (Mot. at 5–21.)

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on July 6, 2007. (Compl.) Defendant Wadas filed his motion to dismiss on December 19, 2007.[1] (Mot.) Plaintiff filed his response on January 9, 2008. (Pl.'s Mot. Opposing Defs.' Mot. to Dismiss [hereinafter "Resp."].) No reply has been filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's

---

[1] Defendant Jeffords has never been served.

"conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Failure to State a Claim upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a

new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.[2]

## ANALYSIS

*1.     Sovereign Immunity*

Defendants assert this court lacks jurisdiction over Defendant Wadas in his official capacity based on sovereign immunity. In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to

---

[2]The court notes that Defendant has attached documents for the court's consideration in its motion for dismissal under Rule 12(b)(6). "A 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Fed. R. Civ. P. ] 56.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The court will not consider these documents in determining the motion to dismiss and, therefore, the motion will not be converted to one for summary judgment. However, the court points out to Defendant that the attached medical records were not bates labeled, sequentially paginated, or referenced in any way that would have assisted the court in following the defendant's argument without requiring needlessly time consuming "needle-in-the-haystack" searches. The court could strike the motion to dismiss for this reason alone. However, in the interest of resolving this matter and considering that the extraneous materials will not be relied upon in the court's review of the motion to dismiss, the court declines the invitation to place form over substance in this case.

have violated a citizen's constitutional rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity." *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Malesko*, 534 U.S. at 72. *See also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity—not . . . against officials in their official capacity"); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his official capacity is treated as a claim against the United States). To the extent that Plaintiff has alleged claims pursuant to *Bivens* against Defendant Wadas in his official capacity, such claims are barred by sovereign immunity and are thus properly dismissed.

2.  *Failure to Exhaust Administrative Remedies Under the Prison Litigation Reform Act*

Defendant moves for dismissal based upon Plaintiff's failure to exhaust his administrative remedies, as required by the PLRA, 42 U.S.C. § 1997e(a). Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), the United States Supreme Court held, *inter alia*, that under the PLRA, courts should not dismiss prisoner complaints in their entirety when the plaintiff presents some claims for which administrative remedies have been exhausted, and some claims for which administrative remedies have not been exhausted. *Id.*, 199 U.S. at —, 127 S. Ct. at 923–26. The Court held also that exhaustion is not per se inadequate simply because a defendant named in a lawsuit was not named in prison grievances filed on the same issue. *Id.*, 199 U.S. at —, 127 S. Ct. at 923. Further, the Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prison inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 199 U.S. at —, 127 S. Ct. at 921.

Defendant argues that Plaintiff has not exhausted his administrative remedies because he did not allege each specific claim alleged in this case against each individual defendant named in this case in his filed grievances. (Mot. at 6–11.) Defendant, citing *Jones v. Bock* and *Booth*, 532 U.S. at 739, states, "It is mandatory for an inmate to exhaust his available administrative remedies with respect to each of the claims prior to bringing the lawsuit" and "[i]t is mandatory that an inmate exhaust his available administrative remedies with respect to each specific claim and the alleged conduct of each of the respective defendants." (Mot. at 10.) This court finds Defendant's argument disingenuous. First, the court is unable to locate anywhere in *Jones* the exact language cited by Defendant. Second, in *Jones*, the court clearly states, "[t]he PLRA requires exhaustion of 'such administrative remedies as are available,' . . . but nothing in the statute imposes a 'name all defendants' requirement. . . ." *Jones*, 199 U.S. at —, 127 S. Ct. at

7

921. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 922–923. As Defendant has failed to set forth anything in the BOP grievance procedures imposing such a prerequisite to proper exhaustion, Defendant's argument fails.

In addition, Plaintiff did, in fact, follow and exhaust the "multi-level grievance mechanism" referenced in Defendants' motion for the injury and claims related to Plaintiff's June 25, 2006, injury. (*Id.* at 8; Compl., Ex. 15-22.) Upon a review of Plaintiff's Informal Resolution Form, the Request for Administrative Remedy, the Regional Administrative Remedy Appeal, and the Central Office Administrative Remedy Appeal, Plaintiff did mention each of the named defendants in each of the grievance requests. (Compl. at 15–17, 19, 21.) The only specific allegations absent in the Informal Resolution Form are those related to Defendants' failure to follow policy and act in a professional manner. (*Id.* at 16.) These allegations are lacking in the subsequent appeals as well. (*Id.* at 17, 19, 21.) However, the remaining statements made in the grievances are sufficient for this court to infer the allegation that Defendants were not acting in a professional manner. In the three subsequent appeals, Plaintiff fails to specifically allege any acts of conspiracy. (*Id.* at 17, 19, 21.) However, Plaintiff clearly stated in the initial Informal Resolution Form that the defendants "conspire[d] with one another to lie and cover up for their co-workers['] wrongful acts!" (*Id.* at 16.) Again, however, the remaining statements made in the grievances are sufficient for this court to infer an allegation

8

that Defendants conspired.  This court finds the language and assertions in Plaintiff's grievances must be considered in their entirety, rather than piecemeal.  Therefore, this court does not recommend dismissal on the basis of failure to exhaust administrative remedies alone.

3. *Failure to State First Amendment Claim for Retaliation*

Plaintiff generally alleges retaliation in violation of his First Amendment rights.  (Compl. at 3–6).  Defendant argues that Plaintiff fails to state a claim upon which relief can be granted for retaliation.  Plaintiff's allegations do not set forth adequate facts to state a cognizable *Bivens* claim for unconstitutional retaliation.

"[G]overnment action which chills constitutionally protected speech or expression contravenes the First Amendment." *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted).  Nevertheless, "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144.  "[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson*, 149 F.3d at 1144 (internal quotation marks and citation omitted).

In order to establish a claim for retaliation for an individual's exercise of his First Amendment rights, a plaintiff must show (1) that the plaintiff's activity was protected by the First Amendment; and (2) that the defendant's conduct was in response to that protected activity.

*Shero v. City of Grove, Oklahoma*, 510 F.3d 1196, 1203 (10th Cir. 2007). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. The prisoner must "allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citation omitted).

Plaintiff has not alleged any motive for retaliation or that Defendant had knowledge of any protected activity. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) ("proof of retaliation . . . presupposes that the decision-maker knew that the plaintiff engaged in a statutorily protected activity); *Brown v. Crowley*, 312 F.3d 782, 790 (6th Cir. 2002) ("The third element of a retaliation claim is a causal connection between the protected conduct and the adverse action. This element is satisfied where the adverse action was motivated at least in part by the plaintiff's protected conduct.") (internal quotation marks and citation omitted). Plaintiff's only allegation is that Defendants, "[i]n retaliation for filing a prior civil action against [ADX] officials," injured him, and then falsified an incident report to cover-up the injury. (Compl. at 4–6.) Plaintiff has not alleged he was exercising any protected conduct under the First Amendment, nor he has adequately pleaded that he was subjected to retaliation for exercising such a right. Plaintiff's claim of retaliation is based on nothing more than conclusory allegations. Therefore, Plaintiff has failed to state any facts sufficient to state a claim upon which relief can be granted for retaliation.

### 4. *Failure to State Claim for Conspiracy*

Plaintiff further alleges that Defendants "conspired" and wrote a false incident report to "cover-up for their wrong doings." (Compl. at 3.) Civil conspiracy is defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an overt act that results in damage." *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (internal quotation marks and citation omitted). "[C]onclusory allegations that defendants acted in concert, or conspired without specific factual allegations to support such assertions are insufficient." *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts sufficient to suggest the existence of any of the elements of a conspiracy. He has not alleged with specificity the parties involved or the purpose, such that Defendants are put on notice of the claim against them. As Plaintiff has made nothing more than conclusory and vague allegations of a conspiracy, his claim of conspiracy is properly dismissed for failure to state a claim upon which relief can be granted.

### 5. *Failure to State Claim for Violation of Fourth Amendment*

Plaintiff generally alleges violation of his Fourth Amendment rights. (Compl. at 4–6.) The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." U.S. CONST. amend. IV. The Supreme Court has concluded "that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison

cells. . . ." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). First, Plaintiff has failed to allege that he was subjected to a search or seizure. Second, as a prisoner, the Fourth Amendment prohibition against unreasonable searches does not apply. Therefore, Plaintiff's claims are not cognizable under the Fourth Amendment and are properly dismissed with prejudice.

### 6. *Failure to State Claim for Violation of Fifth Amendment*

Plaintiff generally alleges violation of his Fifth Amendment rights. (Compl. at 4–6.) The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. V. The Supreme Court has held that neither negligent nor intentional deprivations of property are actionable where a plaintiff has an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized intentional acts by state employee do not violate Fourteenth Amendment where adequate post-deprivation state remedy available).

The Tenth Circuit has held that Federal Tort Claims Act ("FTCA") and a *Bivens* claim are alternative remedies. *Robbins v. Wilkie*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citation omitted). To the extent Plaintiff is alleging that Defendants were negligent (Compl. at 3–6), "negligence claims against government agents are not cognizable under *Bivens*, but may only be brought against the federal government itself under the FTCA." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir.

2001) (citations omitted). The "United States is the only proper defendant in an FTCA action." *Oxendine*, 241 F.3d at 1275 n.4 (citations omitted). For this reason, Plaintiff's claims against the individual defendants cannot be construed as having been brought under the FTCA. Because the remedy available to Plaintiff under the FTCA bars his claim of a due process violation, Plaintiff has failed to state a claim upon which relief can be granted under the Fifth Amendment.

### 7. *Failure to State Claim for Violation of Sixth Amendment*

Plaintiff generally alleges violation of his Sixth Amendment rights. (Compl. at 4–6.) The Sixth Amendment provides certain rights "[i]n all criminal prosecutions." U.S. CONST. amend. VI. Plaintiff has not set forth any factual allegations suggesting that Defendants' conduct did not meet the Sixth Amendment's requirements. Plaintiff does not allege any facts pertaining to a criminal prosecution. Plaintiff's claims are not cognizable under the Sixth Amendment and are properly dismissed with prejudice.

### 8. *Failure to State Claim for Violation of Eighth Amendment*

Plaintiff also generally alleges violations of his Eighth Amendment rights. (Compl. at 3–6.) Prison officials may be liable under the Eighth Amendment for denying inmates humane conditions of confinement where they know that the inmates face substantial risk of serious harm and deliberately disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). The allegations before the court do not suggest the type of extreme conditions or deliberate conduct prohibited by the Eighth Amendment. Plaintiff's Eighth Amendment claim is properly dismissed for failure to state a claim upon which relief can be granted.

## 9. *Plaintiff's Motion for Injunctive Relief and a Restraining Order*

The plaintiff is requesting an injunction and a restraining order pursuant to Fed. R. Civ. P. 65(b). Where the opposing party has notice, as is in this case, the procedure and standards for issuance of a restraining order mirror those for a preliminary injunction. *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

The court initially notes that the injunctive relief prayed for is not sought against the defendants who are named in this action, and, therefore, the motion could be denied for that reason alone. However, this court has recommended that all of Plaintiff's claims for relief be denied and Defendant's motion to dismiss be granted. Therefore, there is not a substantial likelihood Plaintiff ultimately will prevail on the merits of this case, one of the requirements for preliminary injunction. *ACLU*, 194 F.3d at 1155. Accordingly, Plaintiff's request for an injunction and a restraining order is properly denied at this time.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1. "Defendant's Motion to Dismiss" (Doc. No. 35) be GRANTED, and that this case be dismissed in its entirety; and

2. "Plaintiff's Motion Requesting an Injunction and a Restraining Order Against 'Unit Manager Collins, Case Manager Finley & Counselor Madison'" (Doc. No. 34) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge